UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JASON JERICHO COOK, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:14-CV-01695-CEJ |
| GEORGE LOMBARDI, et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Jason Jericho Cook (registration no. 1217274), an inmate at Potosi Correctional Center ("PCC"), for leave to commence this action without payment of the required filing fee. For the reasons stated below, the court finds that the plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $2.55. See 28 U.S.C. § 1915(b)(1). Furthermore, after reviewing the complaint, the Court will partially dismiss the complaint and will order the Clerk to issue process or cause process to be issued on the non-frivolous portions of the complaint.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's

account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $12.75, and an average monthly balance of $0.18. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $2.55, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. ' 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it Alacks an arguable basis in either law or fact.@ Neitzke v. Williams, 490 U.S. 319, 328 (1989); Denton v. Hernandez, 504 U.S. 25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff=d 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead Aenough facts to state a claim to relief that is plausible on its face.@ Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly

baseless. Denton v. Hernandez, 504 U.S. 25, 32–33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The Complaint**

Plaintiff brings this action under 42 U.S.C. § 1983. Defendants are employees of the Missouri Department of Corrections ("MDOC") and Corizon Health, Inc. ("Corizon"). Named as defendants are G. Lombardi (Director, MDOC); T. Steele (Superintendent, PCC); J. Crump (Assistant Warden, PCC); C. Griffith (Deputy Warden, PCC); T. Pearson (Functional Unit Manager, PCC); G. Dunn (Shift Commander, PCC); Unknown Harper (Correctional Officer); C. Walker (Correctional Officer); T. Bertelsmeyer (Correctional Officer); Unknown Walcott (Correctional Officer); Unknown Hendrick (Correctional Officer); Corizon; S. Pratt (Nurse, Corizon); K. House (Director of Nursing, Corizon); and W. McKenry (Doctor, Corizon).

Plaintiff alleges that defendants Bertelsmeyer, Walcott, and Hendrick used excessive force against him, in violation of his Eighth and Fourteen Amendment rights, following an altercation with defendant Bertelsmeyer. According to plaintiff, he did not resist being restrained, but was nonetheless slammed on the ground, twisted around painfully, and punched repeatedly in the face. Plaintiff asserts that his resulting injuries included a split lip, bruised and bloodied nose, face swelling, chipped teeth, a crack in his forehead, and a separated shoulder.

Plaintiff further alleges that defendant Walker, with approval from defendants Harper and Dunn, directed other officers to strip plaintiff to his underpants and leave him to sleep with no clothing or linens on a cold concrete slab. Plaintiff alleges that the other defendant officials were made aware of these events after the fact. Additionally, plaintiff asserts that Corizon and its employees were deliberately indifferent to his serious medical needs.

**Discussion**

After carefully reviewing the complaint, the Court finds that plaintiff's claims against defendants Bertelsmeyer, Walcott, Hendrick, Walker, Harper, and Dunn, in their individual capacities, survive review under 28 U.S.C. § 1915(e). As a result, the Court will direct the Clerk to serve process on these defendants.

The Court will dismiss plaintiff's official capacity claims against these defendants. Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). "[N]either a State nor its officials acting in their official capacity are 'persons' under § 1983." Id. As a result, the complaint fails to state a claim upon which relief can be granted against the employees of the State of Missouri in their official capacities.

Plaintiff fails to state claims against the other MDOC and PCC defendants because plaintiff merely alleges that they were made aware of the events alleged in his complaint, after the fact. Section 1983 liability "requires a causal link to, and direct responsibility for, the alleged deprivation of rights." Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990); see also Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff).

Additionally, plaintiff fails to state claims against Corizon or its employees for deliberate indifference to his medical needs in violation of the Eighth Amendment. To state a claim for medical mistreatment, plaintiff must plead facts sufficient to indicate a deliberate indifference to serious medical needs. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Camberos v. Branstad, 73 F.3d 174, 175 (8th Cir. 1995). Allegations of mere negligence in giving or failing to supply medical treatment will not suffice. Estelle, 429 U.S. at 106. In order to show deliberate

indifference, plaintiff must allege that he suffered objectively serious medical needs and that defendants actually knew of but deliberately disregarded those needs. Dulany v. Carnahan, 132 F.3d 1234, 1239 (8th Cir. 1997). Construing plaintiff's complaint in the light most favorable to him, it is still apparent that the Corizon defendants repeatedly examined his injuries and provided treatment. He was also seen by a physical therapist and a dentist. The only treatment he specifically alleges that he was deprived was an ace bandage for compression and pain medicine stronger than naproxen.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $2.55 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that if plaintiff fails to pay the initial partial filing fee within thirty (30) days of the date of this Order, then this case will be dismissed without prejudice.

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue upon the complaint as to defendants Dunn, Harper, Walker, Bertelsmeyer, Walcott, and Hendrick, in their individual capacities. These defendants shall be served according to the waiver agreement the Court maintains with the Missouri Attorney General's Office.

**IT IS FURTHER ORDERED** that, pursuant to 42 U.S.C. § 1997e(g)(2), defendants Dunn, Harper, Walker, Bertelsmeyer, Walcott, and Hendrick shall answer or otherwise respond

to the complaint within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint as to defendants Lombardi, Steele, Crump, Griffith, Pearson, Corizon, Pratt, House, and McKenry.

**IT IS FURTHER ORDERED** that this case is assigned to Track 5B: Prisoner Standard.

An Order of Partial Dismissal will accompany this Memorandum and Order.

Dated this 24th day of October, 2014.

<br>
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE