UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JASON JERICHO COOK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:14-CV-1695-CEJ |
| | ) | |
| GEORGE LOMBARDI, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

In this prisoner civil rights case, defendants Unknown Harper, Gregory Dunn, and Christopher Walker move to dismiss plaintiff's claims against them pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Alternatively, the defendants move for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure [Doc. #26]. Defendants argue that plaintiff failed to properly exhaust available administrative remedies under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), prior to filing this action. Plaintiff has submitted two responses to the motion, to which defendants have filed a reply.

**I. Legal Standard**

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment shall be entered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a

judgment as a matter of law." In ruling on a motion for summary judgment, the court is required to view the facts in the light most favorable to the non-moving party and must give that party the benefit of all reasonable inferences to be drawn from the underlying facts. AgriStor Leasing v. Farrow, 826 F.2d 732, 734 (8th Cir. 1987). The moving party bears the burden of showing both the absence of a genuine issue of material fact and his entitlement to judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986); Fed. R. Civ. P. 56(c).

Once the moving party has met his burden, the non-moving party may not rest on the allegations of his pleadings but must set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists. Fed. R. Civ. P. 56(e); Anderson, 477 U.S. at 257; City of Mt. Pleasant, Iowa v. Associated Elec. Co-op., Inc., 838 F.2d 268, 273-74 (8th Cir. 1988). Rule 56(c) "mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

## II. Background

Plaintiff, an inmate at the Potosi Correctional Center (PCC), filed this action under 42 U.S.C. ' 1983 against numerous employees of the Missouri Department of

Corrections and Corizon Health, Inc. Plaintiff alleges, *inter alia*, that defendants Timothy Bertelsmeyer, Clive Hendricks, and Donald Walcott used excessive force against him, following an altercation with Bertelsmeyer at PCC on February 7, 2014. According to plaintiff, Bertelsmeyer made a disrespectful comment to him, plaintiff responded by spitting on Bertelsmeyer, and Bertelsmeyer then assaulted plaintiff. Plaintiff stated that he did not resist being restrained, but was nonetheless slammed on the ground, twisted around painfully, and punched repeatedly in the face. As a result, he sustained physical injuries including a split lip, a bruised and bloodied nose, face swelling, chipped teeth, a crack in his forehead, and a separated shoulder.

Plaintiff further alleges in the complaint that defendant Walker was stationed in "the bubble" during the altercation. In an undated letter addressed to Missouri Department of Corrections officials which plaintiff attached to the complaint, plaintiff wrot that after Bertelsmeyer slammed his face to the floor, "COII Walker . . . left the bubble and came out to the sally port. He had them help me onto the bench . . . He had someone loosen the cuffs . . . He asked me what was going on" [Doc. #1-1, p.4]. Plaintiff states that he told Walker about Bertelsmeyer making disrespectful comments to him, and Walker replied "that he wished [he] would have said something to him because then he could [have] disciplined him. He said that Bertelsmeyer was in the wrong but now that [plaintiff] had spit on him there was nothing he could do." Id. Plaintiff states, "They then left me alone and

came back with Nurse Sami Pratt." Id. Plaintiff further alleged that, after Nurse Pratt conducted a medical examination, defendant Christopher Walker, with approval from defendants Unknown Harper and Gregory Dunn, directed other officers to strip plaintiff to his underwear and leave him to sleep on a cold concrete slab with no linens. Also attached to the complaint are the affidavits of four inmates, attesting to the actions of defendants Bertelsmeyer, Hendricks, and Walcott.

Pursuant to 42 U.S.C. ' 1997e(g)(2), the court may require any defendant to reply to a complaint brought by a prisoner pursuant to 42 U.S.C. ' 1983 if it finds that the plaintiff has a reasonable opportunity to prevail on the merits. Moreover, 28 U.S.C. ' 1915A requires the Court to identify any cognizable claims that would survive dismissal. In a Memorandum and Order entered on October 24, 2014, the court identified two cognizable claims that survived frivolity review under § 1915A, to wit: (1) an excessive use of force claim based on the assault allegations and (2) a conditions of confinement claim based on the allegation that plaintiff was forced to sleep on a cold concrete slab without clothing or linens. As such, process was issued as to defendants Bertelsmeyer, Hendricks, Walcott, Walker, Harper, and Dunn. The court dismissed all remaining claims and defendants.

### III.  Summary Judgment

Defendants Walker, Harper, and Dunn argue that plaintiff failed to exhaust his administrative remedies, as required by the PLRA, relative to his conditions of confinement claim based on the allegation that he was stripped and forced to sleep in the cold. Plaintiff alleges in the complaint that he filed IRR #PCC-14-211 following the February 7 events, "discussing problems related to custody staff" [Doc. #1, p. 15].[1] Defendants have attached a copy of the IRR as an exhibit to the instant motion [Doc. #27-1, pp. 2-5], as well as an affidavit from Robert Savage (Case Manager II) stating that, after reviewing PCC prison records, the files "reflect NO findings of IRRs or grievances filed . . . alleging cruel and unusual punishment by being stripped to boxer shorts with no access to clothing, hygiene, linens, or mattress on February 7, 2014 or any other date in 2014." [Doc. #27-2].

Plaintiff's IRR #PCC-14-211 states, "Complaint – One Issue – Be Specific: excessive use of force." In attached pages to the IRR, plaintiff describes the events leading up to the altercation with Bertelsmeyer and the subsequent assault. The IRR does not mention defendants Harper or Dunn, nor does it contain any allegation that plaintiff was stripped and left to sleep on a concrete floor.

In support of their motion for summary judgment, defendants argue that plaintiff was required to specifically present his grievances against them through the

---

[1] Plaintiff also filed a separate IRR #PCC-14-263 relative to his medical claims; however, this document is not at issue with respect to defendants' motion for summary judgment.

administrative grievance process at PCC, but failed to do so. Defendants further state:

> The actions plaintiff alleges in the complaint against defendants Harper, Dunn, and Walker, that he was stripped to boxers and left with no clothing, linens, or mattress, are not part of the use of force incident, do not involve use of force, and are not mentioned in plaintiff's IRR PCC 14-211.

[Doc. #27, p. 6].

In opposition to defendants' motion, plaintiff contends that he sufficiently alleged in the complaint that Walker, with the approval of Harper and Dunn, directed other officers to strip plaintiff to his underwear and leave him to sleep with no clothing or linens on a cold concrete slab. Plaintiff asserts that in his IRR, "he did not go into detail of every little thing that happened knowing it would not make a difference" [Doc. #32, p. 1]. Relying on Wilson v. Seiter, 501 U.S. 294, 304-05 (1991), he claims that the actions of Walker, Harper, and Dunn were actually "a continuation of the use of force" that had previously taken place at PCC, and thus, he was not required to specifically grieve this issue at the prison.

In their reply brief, defendants argue that not only was plaintiff required to grieve this issue, but he should have filed a separate grievance to do so, as only one issue may be grieved in an IRR. Defendants assert that because plaintiff never grieved the conditions of confinement claim, he cannot show that he exhausted his administrative remedies on his claims against them, and thus, summary judgment

6

should be granted. Defendants distinguish Wilson, asserting that it involved an Eighth Amendment violation where some conditions of confinement, when considered together, were found to meet the standard when each would not do so alone [Doc. #45, p. 3].

**IV. Discussion**

Pursuant to 42 U.S.C. ' 1997e(a), a prisoner may not bring an action under ' 1983 Auntil such administrative remedies as are available are exhausted.@ AAn inmate exhausts a claim by taking advantage of each step the prison holds out for resolving the claim internally and by following the ›critical procedural rules= of the prison=s grievance process to permit prison officials to review and, if necessary, correct the grievance ›on the merits= in the first instance.@ Reed-Bey v. Pramstaller, 603 F.3d 322, 324 (6th Cir. 2010) (quoting Woodford v. Ngo, 548 U.S. 81, 95 (2006)).

For inmates confined in the Missouri Department of Corrections, the administrative grievance process is initiated by filing an IRR within fifteen calendar days of the alleged incident. The IRR complaint form instructions state, "Complaint – One Issue – Be Specific." In response, plaintiff wrote "excessive use of force" [Doc. #27-1]. Under "Action Requested," plaintiff wrote, "I fear for my safety as long as this officer [Bertelsmeyer] has this authority as a correctional officer to abuse. I would like him to be restraint [sic] upon contact with me and to

be stripped of the authority he abuses." Attached to the IRR are three handwritten pages in which plaintiff stated that he received a conduct violation for spitting in Bertelsmeyer's face. He detailed how Bertelsmeyer, Hendricks, and Walcott exercised excessive use of force against him, and he noted his resulting injuries. At the very end of the document, plaintiff stated:

> Note: I would like to request the cameras from the sally port and from B wing . . . this will show that all of my claims are accurate and it will show COII Walker watching all of this then stepping in front of the camera to block Nurse Sami Pratt. Alleged examination. Which was just a show. By COII Walker's actions he had committed a failure to protect as well as Sami Pratt, COI's Walcott and Hendricks.

Defendants Harper and Dunn are not mentioned in the IRR, nor is there any reference to plaintiff being stripped to his underwear and left with no clothing, linens, or mattress. In addition, the court finds no indication in the complaint that these events involved the use of force.

The court further finds that plaintiff's reliance on Wilson, is misplaced. Wilson did not involve a plaintiff who had filed an IRR alleging a constitutional violation in combination with other alleged violations; the issue did not involve proper exhaustion of prison grievances. Rather, the case concerned whether a prisoner claiming that conditions of confinement constitute cruel and unusual punishment must show a culpable state of mind on the part of prison officials, and, if

8

so, what state of mind is required. Wilson, 501 U.S. at 296. In addressing whether conditions of confinement may establish an Eighth Amendment violation, the Supreme Court stated, "Some conditions of confinement may establish an Eighth Amendment violation 'in combination' when each would not do so alone, but only when they have a mutually enforcing effect that produces the deprivation of a single, identifiable human need such as food, warmth, or exercise—for example, a low cell temperature at night combined with a failure to issue blankets." Id. at 304. In the instant action, however, the issue is whether plaintiff's claims of excessive use of force and subsequently being stripped and forced to sleep in the cold without clothing or linens constitute distinct and separate incidents that plaintiff should have submitted to the grievance system at PCC. The court finds that these events are distinct and should have been grieved at PCC in order to permit prison officials to review the matter and, if necessary, to take corrective measures. Because plaintiff failed to grieve his conditions of confinement claim, he failed to satisfy the exhaustion prerequisite as to that claim. Therefore, defendants Walker, Harper, and Dunn are entitled to judgment as a matter of law.

Accordingly,

**IT IS HEREBY ORDERED** that the motion of defendants Unknown Harper, Gregory Dunn, and Christopher Walker to dismiss or for summary judgment [Doc. #26] is **granted**.

9

Judgment will be entered in favor of these defendants at the conclusion of this case.

Dated this 1st day of June, 2015.

_____
**CAROL E. JACKSON**
**UNITED STATES DISTRICT JUDGE**